UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-CT-03259-BO

| | |
|---|---|
| LARRY JUNIOR MERIS<br>Plaintiff,<br><br>v.<br><br>DOMANIC SMITH, *et al*.,<br>Defendants. | **ANSWER TO COMPLAINT**<br>**(Jury Trial Demanded)** |

NOW COME, Defendants Domanick Smith, Stephen Fonville and Delmar Holder by and through Undersigned Counsel, answering Plaintiff's Complaint as follows:

**FIRST DEFENSE – ANSWER**

Except as specifically admitted herein, Defendants deny all allegations and requests for relief in Plaintiff's Complaint. Otherwise, Defendant responds as follows to sections of the Complaint:

**I. COMPLAINT**

It is admitted that Plaintiff purports to bring claims under 42 U.S.C. § 1983, but all such claims and demands for relief are denied. Except as admitted herein, the remaining allegations are denied.

## II. PLAINTIFF INFORMATION

Answering Section II, Plaintiff Information, there are no allegations directed to Defendants, and no response is required. However, if a response is required, at the time of the Complaint's filing, Plaintiff was housed at Maury Correctional Institution.

## III. Prisoner Status

Answering Section III, Prisoner Status, there are no allegations directed to Defendants, and no response is required. However, if a response is required, upon information and belief, Plaintiff is a convicted and sentenced state prisoner.

## III. PRISONER STATUS

Answering Section III, Prisoner Status, there are no allegations directed to the Defendant; therefore, no response is required. To the extent a response is required, it is upon information and belief, Plaintiff is a convicted and sentenced state prisoner. Except as admitted herein, it is denied.

## IV. DEFENDANT(S) INFORMATION

Answering section IV, Defendant information, it is admitted that Defendants are/were employees of NCDAC. Except as admitted herein, denied.

## V. STATEMENT OF CLAIM

Answering Section V, Statement of Claim, Defendants admit that Plaintiff refused to submit to handcuffs. However, Defendants deny that excessive force was used against Plaintiff. Defendants further denies that any of the Plaintiff's constitutional rights, or any

other rights or privileges granted to him under federal law was violated. Except as specifically admitted herein, the allegations in Section V are denied.

**VI. Administrative Procedures**

Answering Section VI, Administrative Procedures, there are no allegations directed to Defendant, and no response is required. To the extent a response is required, it is admitted that Plaintiff has submitted grievances in accordance with the Administrative Remedy Procedure during the duration of his incarceration. It is further admitted that said grievances speak for themselves as to their content and the dates submitted. Except as herein admitted, Section VI of Plaintiff's Complaint is denied.

**VII. RELIEF**

Denied including to the extent that compensatory, declaratory, injunctive relief, and/or punitive damages can be construed to be sought by Plaintiff herein against the Defendant. It is denied that Plaintiff has asserted any facts sufficient to state a claim for compensatory, declaratory, injunctive relief and/or punitive damages against the Defendant. Except as herein admitted, Section VII of Plaintiff's Complaint is denied.

**VIII. Prisoner Litigation History**

Answering Section VII, Prisoner's Litigation History, to the extent that there are no allegations directed to the Defendant, no response is required. To the extent a response is required, Defendant is currently without sufficient information to admit or deny the allegations contained herein, and therefore, it is denied.

## IX. PLAINTIFF'S CERTIFICATION AND WARNING

Answering Section IX, to the extent that there is no allegation directed to the defendants, no response is required. To the extent a response is required, denied.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFF'S COMPLAINT INCLUDING THE RELIEF REQUESTED AND ANY ALLEGATIONS CONTAINED IN THE ATTACHMENTS THERETO, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED. FURTHER ANSWERING THE COMPLAINT OF THE PLAINTIFF AND AS FURTHER DEFENSES THERETO, THE DEFENDANTS AVER:**

## SECOND DEFENSE—SOVEREIGN IMMUNITY

Plaintiff's claims against Defendants in their official capacity are barred by sovereign immunity in that the State of North Carolina has not consented to suit or otherwise waived such immunity.

## THIRD DEFENSE – QUALIFIED IMMUNITY

Qualified immunity shields the Defendants in their individual capacity from Plaintiff's claims against him for monetary damages as Defendants did not violate any clearly established federal law or constitutional rights of which a reasonable person would have known.

**FOURTH DEFENSE – PUBLIC OFFICIAL IMMUNITY**

Any common law claims asserted by Plaintiff are barred by public official immunity in that Defendants did not act with malice, corruption, or otherwise the scope of their authority.

**FIFTH DEFENSE – NO PROXIMATE CAUSE**

Defendants' conduct was, at all times, in accordance with the applicable standards of care and no alleged act or alleged failure to act was the proximate cause of any injury to Plaintiff.

**SIXTH DEFENSE – SUPERSEDING CAUSE**

If it is determined that the acts or omissions of anyone, including Plaintiff, was a proximate cause of injury to Plaintiff and interrupted the causal relationship between any alleged, but denied, wrongful acts of Defendants with respect to the alleged injury to Plaintiff; Defendants plead such intervening and superseding acts as a complete bar against any recovery by Plaintiff from Defendants.

**SEVENTH DEFENSE – ASSUMPTION OF RISK**

To the extent it is determined that Plaintiff knew of a condition inconsistent with his safety and voluntarily chose to be exposed to that condition, resulting in his injury, then Defendants plead Plaintiff's assumption of risk as a complete bar.

**EIGHTH DEFENSE – FAILURE TO MITIGATE DAMAGES**

To the extent it is determined that Plaintiff failed to mitigate his damages, Defendants plead such failure as a bar to Plaintiff's claims, or alternatively, as an offset to Plaintiff's alleged damages.

**NINTH DEFENSE – NO PUNITIVE DAMAGES**

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendant, and Defendant pleads such failure in bar of any such recovery. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional conduct, reckless disregard of injury, or evil motive/intent by Defendant required to support a claim for punitive damages.

**TENTH DEFENSE**

Without waiving any other defenses or immunities asserted herein, Defendants assert any and all other legal or equitable defenses and/or immunities that currently exist and/or may be discovered hereinafter.

**ELEVENTH DEFENSE**

Plaintiff's complaint fails to allege sufficient facts to allow Defendants to determine all potentially applicable defenses, currently, as such Defendants reserve the right to amend this Answer to include further defenses.

## PRAYER FOR RELIEF

WHEREFORE, having responded to the allegations of Plaintiff's complaint, and having asserted the above-noted defenses and immunities, the Defendants hereby pray the Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff have and recover nothing from Defendant;

3. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief as the Court deems just and proper.

This the 13th day of May, 2025.

**JEFF JACKSON**
**ATTORNEY GENERAL**

/s/Zachary A. Smith
Zachary A. Smith
Assistant Attorney General
N.C. State Bar No. 61116
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, NC 27602
Telephone: (919) 716-6529
Facsimile: (919) 716-6761
zsmith@ncdoj.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by U.S. Mail, postage prepaid, addressed as follows:

Larry Junior Meris
1260205
Alexander Correctional Institution
633 Old Landfill Rd.
Taylorsville, NC 28681

This the 13th day of May, 2025.

/s/Zachary A. Smith
Zachary A. Smith
Assistant Attorney General