UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No.: NO. 5:24-CT-3259-BO

| | |
|---|---|
| LARRY JUNIOR MERIS,<br><br>Plaintiff,<br><br>v.<br><br>DOMANICK SMITH, *et al.*,<br>Defendants. | **DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE** |

NOW COME Defendants Domanick Smith, Stephen Fonville, and Delmar Holder (hereinafter "Defendants"), by and through Undersigned Counsel, pursuant to Local Civil Rule 56.1, to provide Defendants' Statement of Material Facts Not in Dispute.

1. According to Plaintiff's Offender Public History, Plaintiff was convicted on January 24, 2022 for First Degree Kidnapping and Assault Inflicting Serious Injury on a Law Enforcement Officer and sentenced to a minimum term of seven years and three months and a maximum term of nine years and nine months. Exhibit 1 at Ex. A at 1-2.

2. Plaintiff is projected to be released on February 23, 2028. *Id.*

3. Plaintiff committed the following infractions while in custody: (1) two counts of threatening to injure staff; (2) two counts of assault staff by throwing liquids, (3) four counts of disobey order, (4) two counts of weapon possession, and (5) fighting. Exhibit 1 at Ex. B.

4. On June 4, 2024, Plaintiff refused to leave his recreation cell after his recreation time was over. *Id.* at Ex. C. at 25.

5. In response, Lieutenant Dawson ordered Plaintiff to submit to cuffs multiple times. *Id.* at Ex. C. at 1. Plaintiff refused. *Id.* After Lieutenant Dawson left, she formed a cell extraction team. *Id.*

6. Afterwards Sergeant Ghere unsuccessfully attempted to resolve the conflict with Plaintiff by speaking with him in hopes of gaining his compliance with the order. *Id.*

7. Captain Hackney approached Plaintiff and ordered him to "cuff up." *Id.* at Ex. G at (0:27-35).

8. Plaintiff aggressively stated something along the lines that he is "ready to take this… right here, right now…Let's get it over with." *Id.* at (0:30-35).

9. Afterwards, Captain Hackney asked Plaintiff "so do you refuse to cuff up?" *Id.* at (0:35-0:36).

10. Plaintiff replied "Look, I know y'all want to whoop my ass." *Id.* at (0:36-0:37).

11. Captain Hackney faced the camera and stated that the offender has "been given several directives to be restrained from the back. Failure to comply." *Id.* at (0:36-0:42).

12. Captain Hackney gave Plaintiff one last chance to submit to handcuffs. *Id.* at (0:52-0:55).

13. Plaintiff responded stating "bruh, I'm not cuffing bruh." *Id.* at (0:55-0:57).

14. Both Captain Hackney and Sergeant Ghere left the recreation yard and went inside the prison; then Sergeant Ghere announced to the cell extraction team that Plaintiff refused to get off the recreation yard. *Id.* at (1:59-2:21).

15. The cell extraction team consisted of the following members: Correctional Officer Apelt as team member one (known as the shield operator, and is responsible for placing Plaintiff on a flat surface); Correctional Housing Unit Manager ("C.H.U.M.") Smith as team member two (responsible for controlling Plaintiff's right upper torso); C.H.U.M. Fonville as team member three (responsible for controlling Plaintiff's upper left torso); Correctional Officer Holder as team member four (responsible for controlling the right lower torso); Sergeant Ham as team member five (responsible for controlling the lower left torso); Correctional Officer Manning was team member six (responsible for recording the cell extraction); and Sergeant Ghere was team member seven (responsible for leading the cell extraction team.). Exhibit 1 at Ex. G. at (1:59-3:23); Exhibit 1 at Ex. C at 1-3. Decl. of Smith at ¶ 6. Decl. of Fonville at ¶ 5. Decl. of Holder at ¶ 5.

16. Plaintiff needed to leave his cell because his recreation time ended. *Decl. of Fonville* at ¶ 6. *Decl. of Holder* at ¶ 5, *Decl. of Smith* at ¶ 5.

17. The Sergeant and Captain did not use OC Spray because of the risk to staff due to the wind direction and proximity. Exhibit 1 at Ex. G at (0:42-0:52); Exhibit 1 at Ex C. at 10.

18. Right before the extraction team entered Plaintiff's cell, Plaintiff can be seen aggressively gesturing around. *Id.* at Ex. G at (4:40-5:00).

19. As the door opened, Plaintiff faces the correctional officers directly and aggressively approaches them. *Id.* at (5:00-5:05).

20. Then, a correctional officer stated, "stop resisting, Meris, stop resisting." *Id.* at (5:06-5:14).

21. Plaintiff was placed on the ground. Exhibit 1 at Ex. C. at 14-15. Defendants Smith and Fonville, with great difficulty, placed handcuffs on Plaintiff. *Decl. of Smith* at ¶ 9; *Decl. of Fonville* at ¶ 9.

22. During the cell extraction, Defendant Smith controlled Plaintiff's upper right flank by placing his right hand on Plaintiff's left wrist and his left hand on Plaintiff's upper right arm, placing his arm behind his back to be handcuffed. Exhibit 1 at Ex. C. at 14.

23. During the process, Plaintiff resisted by wiggling around which made the restraint process very difficult. *Decl. of Smith* at ¶ 9.

24. Defendant Fonville assisted Defendant Smith by placing the handcuffs on Plaintiff. *Decl. of Fonville* at ¶ 9.

25. Plaintiff turned his head toward Defendant Fonville and attempted to bite his left knee area. *Decl. of Fonville* at ¶ 10. Defendant Fonville delivered

two knee spears to the Plaintiff's suprascapular nerve (shoulder blade) on his right side. *Id.*

26. Plaintiff refused commands to place his hands on his back, therefore Defendant Fonville had to apply the inverted finger technique. *Id.*

27. Afterwards, Plaintiff still resisted by moving side to side. *Id.* Therefore, Defendant Fonville applied the inverted finger method to his left hand. *Id.*

28. After Defendant Fonville completed the cell extraction, he escorted Plaintiff to medical to be treated. Decl. of Fonville at ¶ 11.

29. Defendant Holder's responsibility during the cell extraction was mainly to control the Plaintiff's lower left torso and to place restraints on his legs. Decl. of Holder at ¶ 10.

30. Defendant Holder observed Plaintiff kicking, moving his arms, and moving back and forth while he was attempting to place leg restraints on Plaintiff. *Decl. of Holder* at ¶ 9.

31. After Defendant Holder completed the cell extraction, he escorted Plaintiff to medical to be treated. Decl. of Holder at ¶ 9-10.

32. Plaintiff pled guilty to disobey order on June 11, 2024. Exhibit 1 at Ex. E. at 1, 3.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Respectfully submitted this the 10th day of December 2025.


JEFF JACKSON
Attorney General

/s/ Zachary A. Smith
Zachary A. Smith (N.C.S.B. No. 61116)
Assistant Attorney General
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, North Carolina 27699-9001
Telephone: 919-716-6529
Facsimile: 919-716-6761
zsmith@ncdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by U.S. Mail, postage prepaid, addressed as follows:

Larry Junior Meris
1260205
Alexander Correctional Institution
633 Old Landfill Rd.
Taylorsville, NC 28681
*Pro Se Plaintiff*

This the 10th day of December 2025.

/s/ Zachary A. Smith
Zachary A. Smith
Assistant Attorney General