UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No. 5:24-CT-3259-BO

LARRY JUNIOR MERIS

Plaintiff,

v.

DOMANICK SMITH, *et al.,*

Defendants.

**DECLARATION OF DOMANICK SMITH**

I, DOMANICK SMITH, being competent to testify, and having personal knowledge of the matters herein, hereby state as follows:

1. I am an adult over the age of 18, have never been adjudged incompetent, suffer from no mental or emotional illness, and make this declaration of my own free will, stating facts of which I have personal knowledge.

2. I have worked for the North Carolina Department of Public Safety and its successor agency, the North Carolina Department of Adult Correction since December 2006. I started as a correctional officer. I climbed up through the ranks and become a Sergeant and now I am currently a Correctional Housing Unit Manager.

3. As a Correctional Housing Unit Manager ("CHUM"), I am generally responsible for communication with unit staff, maintenance of inventory, and good communication with other members of the correctional facility.

4. On June 4, 2024, I was called by Lieutenant Dawson to be part of the cell extraction team.

5. My understanding of the circumstances behind this cell extraction is that Offender Meris did not want to leave his recreation cell when his recreation time ended.

6. I recall that Sergeant Ghere led the meeting for the cell extraction. During the meeting, prior to the cell extraction, I stated my responsibilities. I was specifically designated as team member two. My responsibility was to control the upper right torso.

7. At the end of the briefing session, Sergeant Ghere led us to the Gray Unit Recreation area. I lined up in behind the other correctional officers.

8. When I saw Offender Meris in his recreational cell. He was aggressive and yelling profanities. He was walking toward us.

9. Once Sergeant Ghere opened the door, other correctional officers and I went into the cell. I specifically helped CHUM Fonville by helping him place upper body restraints on Offender Meris. I told Offender Meris to stop resisting. It was difficult because Offender Meris was wiggling around and moving back and forth. Offender Meris was also kicking when I was trying to place restraints on him. Therefore, I had the challenge of placing restraints on an aggressive inmate who was moving.

10. When restraints were placed on Offender Meris' arms and legs. I saw him being escorted to medical.

11. I have not used force as a method of punishment. I did not use force against Offender Meris as a method of punishment.

12. Inmate Meris is just another inmate to me. I did not then, and do not now, hold any feelings of ill-will towards him. I have never wanted to harm inmate Meris.

FURTHER THE DECLARANT SAYETH NOT.

Pursuant to 28 U.S.C. § 1746(2), I verify under penalty of perjury that the foregoing Declaration is true and correct in substance and in fact to the best of my knowledge and belief.

Respectfully submitted, this the 2 day of December 2025.

Domanick Smith